UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 2:22-cr-20273-TLP |
| | ) | |
| v. | ) | 18 U.S.C. § 1029(a)(3) |
| | ) | |
| KIMBERLY NICHOLE BLACKWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the Plea Agreement reached between the UNITED STATES, represented by the undersigned counsel, and the defendant, KIMBERLY NICHOLE BLACKWELL, represented by J. EVERETT HOAGLAND, defense counsel.

1. KIMBERLY NICHOLE BLACKWELL agrees that she will enter a voluntary plea of guilty to Count Three of the Indictment, which charges the defendant with possession of 15 or more access devices, in violation of Title 18, United States Code, Section 1029(a)(3). The violation of Section 1029(a)(3) in Count Three carries a maximum statutory punishment of imprisonment for not more than ten (10) years imprisonment, a fine of not more than $250,000, or both, a period of supervised release for not more than (3) years, and a mandatory special assessment of $100.00. KIMBERLY NICHOLE BLACKWELL agrees to waive her right to trial by jury and all rights attached thereto. KIMBERLY NICHOLE BLACKWELL agrees that she is entering a voluntary plea of guilty to Count Three because she is, in fact, guilty of the offense charged in Count 3.

2. KIMBERLY NICHOLE BLACKWELL agrees to provide complete and truthful information to law enforcement officers, and if called upon to testify in any future proceedings, to testify completely and truthfully.

3. KIMBERLY NICHOLE BLACKWELL agrees to pay restitution to any identifiable victims who suffered losses as a result of the criminal conduct which is the subject of this plea agreement, including conduct described in counts to be dismissed and uncharged relevant conduct.

4. KIMBERLY NICHOLE BLACKWELL agrees to pay the $100 mandatory assessment to be imposed pursuant to 18 U.S.C. § 3013 to the United States District Court Clerk following entry of her guilty plea, and to provide counsel for the United States with evidence of payment prior to sentencing.

5. The UNITED STATES agrees to dismiss at sentencing the remaining counts of the Indictment applicable to KIMBERLY NICHOLE BLACKWELL.

6. Pursuant to this agreement, the UNITED STATES agrees to recommend:

   a. That KIMBERLY NICHOLE BLACKWELL receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

   b. That KIMBERLY NICHOLE BLACKWELL be sentenced within the advisory guideline range as that range is determined by the Court;

   c. That, following the said term of imprisonment, KIMBERLY NICHOLE BLACKWELL be placed on supervised release for a period of time to be determined by the Court;

   d. That KIMBERLY NICHOLE BLACKWELL be ordered to pay restitution in accordance with Paragraph 3 of this Plea Agreement; and

   e. That KIMBERLY NICHOLE BLACKWELL be required to pay a fine amount if ordered by the Court.

7. KIMBERLY NICHOLE BLACKWELL understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if she engages in the future in, conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit as recommended by the UNITED STATES in this agreement shall not be a basis for KIMBERLY NICHOLE BLACKWELL to withdraw her guilty plea.

8. KIMBERLY NICHOLE BLACKWELL understands that neither the UNITED STATES nor any law enforcement officer can or does make any promises or representations as to what sentence the Court will impose. KIMBERLY NICHOLE BLACKWELL also understands that any discussions with her attorney regarding a sentence are estimates about possible outcomes, not promises or guarantees. Failure of the Court to impose a sentence as recommended by the UNITED STATES in this agreement will not be a basis for KIMBERLY NICHOLE BLACKWELL to withdraw her guilty plea.

9. KIMBERLY NICHOLE BLACKWELL understands that 18 U.S.C. § 3742 gives her the right to appeal the sentence imposed by the Court. Acknowledging this, KIMBERLY NICHOLE BLACKWELL knowingly and voluntarily waives her right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be. This waiver is

made in exchange for the concessions by the UNITED STATES as set forth in this Plea Agreement. The waiver in this Paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

10. KIMBERLY NICHOLE BLACKWELL agrees to waive any objections based on Fed. R. Evid. 410 to the use of any statements made by her in the course of the plea colloquy in any criminal prosecution.

11. KIMBERLY NICHOLE BLACKWELL agrees that this written Plea Agreement constitutes the entire agreement between herself and the UNITED STATES and that no additional promises, representations, or inducements other than those referenced in this Plea Agreement have been made to KIMBERLY NICHOLE BLACKWELL or to her attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties. KIMBERLY NICHOLE BLACKWELL further agrees and acknowledges that no threats have been made to induce her to plead guilty. By signing this document, KIMBERLY NICHOLE BLACKWELL acknowledges that she has read this agreement, has discussed this agreement with her attorney, and understands this agreement. By signing this agreement, KIMBERLY NICHOLE BLACKWELL also acknowledges that she is satisfied with her attorney's representation.

FOR THE UNITED STATES:
KEVIN G. RITZ
UNITED STATES ATTORNEY

_____        4/7/2023
SCOTT P. SMITH                          Date
Assistant United States Attorney

4

_____  4/7/23
J. EVERETT HOAGLAND           Date
Attorney for Defendant

_____  4/7/23
KIMBERLY NICHOLE BLACKWELL    Date
Defendant

5